UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 2:23-cv-04555-JLS-MAR                                    Date: August 16, 2023
Title: Sonia Agresti et al v. Federal Insurance Company et al

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Gabby Garcia | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:   ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                                                Not Present

**PROCEEDINGS:**   (IN CHAMBERS) ORDER DENYING PLAINTIFFS' MOTION TO REMAND (Doc. 16)

Before the Court is a Motion to Remand filed by Plaintiffs Sonia Agresti and David Yeomans. (Mot., Doc. 16.) Defendants Federal Insurance Company and Matthew Witcher opposed, and Plaintiffs replied. (Opp., Doc. 23; Reply, Doc. 24.)[1] The Court finds this matter appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15. Accordingly, the hearing set for August 18, 2023 at 10:30 a.m. is VACATED. For the reasons given below, the Court DENIES Plaintiffs' Motion to Remand.

I.   **BACKGROUND**

The facts are drawn from Plaintiffs' Complaint. This action arises from a settlement agreement pertaining to a homeowner's insurance policy Plaintiffs purchased from Federal Insurance Company ("Federal") for their home in Agoura Hills, California. (Compl., Doc. 1-2 ¶¶ 16, 20.) On November 9, 2018, a wildfire caused damage to Plaintiffs' property. (*Id.* ¶ 17.) Plaintiffs timely submitted a claim to Federal for losses including damage to their land, structures, personal property, trees and landscaping, and cost of additional living expenses. (*Id.* at 18.) A dispute between Plaintiffs and Federal

---

[1] On August 9, 2023, Defendants filed a Motion to File Sur-Reply. (Doc. 25.) This Motion is DENIED AS MOOT in light of the Court's ruling.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:23-cv-04555-JLS-MAR                                             Date: August 16, 2023
Title: Sonia Agresti et al v. Federal Insurance Company et al

as to the extent of coverage under the insurance policy arose, and on December 2, 2019, Plaintiffs and Federal entered into a settlement agreement. (*Id.* at ¶¶ 19-20.) As part of the agreement, Plaintiffs accepted a final payment from Federal. (*Id.* ¶ 20.) The settlement agreement also included the following provision:

> Federal releases the Agresti-Yeomans and any other party from any claims or right Federal may or may not have against the Agresti-Yeomans or any party in connection with any payments made under the policy to the Agresti-Yeomans based on (a), (b), and (c), and hereby waives all such claims, including but not limited to any claim or right to seek reimbursement, by way of subrogation or otherwise, from the Agresti-Yeomans or any other person or entity that may be responsible for the harm that gave rise to the claim/loss. The Agresti-Yeomans solely retain the right to pursue entities or persons that may be responsible for the claim/loss and any funds recovered thereafter are the sole property of the Agresti-Yeomans.

(*Id.* ¶ 21.) Plaintiffs allege that the subrogation assignment that they obtained in the settlement agreement includes approximately $3,070,711.32 in benefits paid to resolve the underlying claim. (*Id.* ¶ 22.)

Plaintiffs then filed a lawsuit against Southern California Edison Company and Edison International, alleging that their electric facilities caused or contributed to the ignition of the wildfire that damaged Plaintiffs' property. (*Id.* ¶ 23.) In the course of litigation, Plaintiffs discovered that Federal had filed a lawsuit against Edison and had sought and recovered a settlement from Edison relating to the subrogation of Plaintiffs' underlying insurance claim. (*Id.* ¶ 24.)

Plaintiffs filed suit in Los Angeles County Superior Court on April 28, 2023, bringing claims for breach of contract and breach of the implied covenant of good faith and fair dealing. (*Id.* ¶¶ 27-39.) Plaintiffs served Federal on May 11, 2023, and Defendants removed to this Court on June 9, 2023. (Notice of Removal ("NOR"), Doc. 1.) Plaintiffs now move to remand the case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:23-cv-04555-JLS-MAR                                    Date: August 16, 2023
Title: Sonia Agresti et al v. Federal Insurance Company et al

## II. LEGAL STANDARD

As the party invoking the removal jurisdiction of this Court, Defendants bear "the burden of establishing federal jurisdiction." *Cal. ex. rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004). A federal court has diversity jurisdiction under 28 U.S.C. § 1332 if the amount in controversy exceeds $75,000 and the parties to the action are citizens of different states. *See* 28 U.S.C. § 1332. Under the removal procedures provided by 28 U.S.C. § 1446(a), "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). However, "[w]e strictly construe the removal statute against removal jurisdiction," meaning that "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

## III. DISCUSSION

Defendants removed to this Court on the basis of diversity jurisdiction. Diversity jurisdiction exists for civil actions between citizens of different states, where the amount-in-controversy is greater than $75,000. 28 U.S.C. § 1332. Federal is incorporated in Indiana and has its principal place of business in New Jersey, and is thus a citizen of those two states. (NOR ¶¶ 28-30); *see Breitman v. May Co. Cal.*, 37 F.3d 562, 564 (9th Cir. 1994) ("[A] corporation is typically a citizen of two states for determining the existence of diversity jurisdiction: the state of incorporation and the state in which it has its principal place of business."). Plaintiffs are California residents. (Compl. ¶¶ 1-2.) One of the defendants, Matthew Witcher, is also a California resident. (*Id.* ¶ 7.) Defendants argue, however, that Witcher's citizenship should be disregarded for diversity purposes because he is a fraudulently joined "sham defendant." (NOR ¶ 39.)

"In determining whether there is complete diversity, district courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined." *Grancare, LLC v. Thrower ex rel. Mills*, 889 F.3d 543, 548 (9th Cir. 2018). Actual fraud is not required to establish fraudulent joinder; rather, a removing defendant can demonstrate fraudulent joinder "by showing that the plaintiff cannot establish a cause of action against

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:23-cv-04555-JLS-MAR                                                       Date: August 16, 2023
Title: Sonia Agresti et al v. Federal Insurance Company et al

the non-diverse party in state court." *Robey v. FCA US LLC*, No. 20-00367, 2020 WL 2488575, at *2 (C.D. Cal. May 14, 2020) (quotations omitted).  A defendant seeking to remove on the basis of fraudulent joinder faces both "the strong presumption against removal jurisdiction and the general presumption against fraudulent joinder." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009).  "[I]f there is a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Grancare*, 889 F.3d at 548 (quotations omitted).

Defendants assert that Witcher is fraudulently joined because he was not a party to the settlement agreement and so Plaintiffs' contract claims cannot properly be brought against him.  (Opp. at 9; *see also* Settlement Agreement, Compl. Ex. A.)  Plaintiffs argue that they should be given leave to amend the complaint to allege a claim for negligent misrepresentation against Witcher.  (Mot. at 8; Reply at 6-7.)

District courts in the Ninth Circuit have sometimes restricted their fraudulent joinder analysis to the operative complaint, without consideration of other causes of action that might be alleged in amended pleadings.  *See, e.g.*, *Pasco v. Red Robin Gourmet Burgers*, Inc., No. 11-01402, 2011 WL 5828153, at *3 (E.D. Cal. Nov. 18, 2011), *report and recommendation adopted*, No. 11-1402, 2011 WL 6153173 (E.D. Cal. Dec. 12, 2011) ("The review of the complaint, however, is constrained to the facts actually alleged therein; it does not extend to facts or causes of action that *could* be alleged via an amended complaint.").  However, "the majority of federal district court decisions within the Ninth Circuit (especially the more recent cases) . . . require the defendant to show not only that the plaintiff has not stated a claim, but would be denied leave to amend." *Madayag v. McLane/Suneast, Inc.*, No. 16-1082, 2017 WL 30014, at *3 (E.D. Cal. Jan. 3, 2017) (surveying cases).  As this Court has previously found, the possibility of amendment of the complaint must be taken into consideration where fraudulent joinder is alleged.  *See Shaw v. American Airlines, Inc.*, No. 22-cv-08137, 2023 WL 1815870, at *3-4 (C.D. Cal. Feb. 7, 2023); *Reitz v. FCA US LLC*, No. 20-00687, 2021 WL 1905049, at *3 (C.D. Cal. May 11, 2021).  Accordingly, to avoid remand based on fraudulent joinder, particularly given the presumption against fraudulent joinder, Defendants must show not only that the Complaint does not state a cause of action against Witcher, but that Plaintiffs would not be able to amend it in order to state a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 2:23-cv-04555-JLS-MAR | Date: August 16, 2023 |
| Title: Sonia Agresti et al v. Federal Insurance Company et al | |

claim against him. *See Bell v. Terminix Int'l Co. Ltd. P'ship*, No. 16-00012, 2016 WL 3166318, at *3-7 (D. Haw. June 6, 2016).

Defendants are correct that the Complaint as drafted does not state a claim against Witcher. The Complaint states that Witcher "was an assistant vice president claims manager for Chubb and/or Federal." (Compl. ¶ 7.) Witcher is not a party to the settlement agreement, which is between Plaintiffs and Federal, and which forms the basis of Plaintiffs' contract claims. (*See* Settlement Agreement at 4.) "It is a basic principle of agency law that agents, signing contracts on behalf of their employers, are not liable for breaches of those contracts." *A.L. v. Pleasanton Unified Sch. Dist.*, No. 22-03036, 2022 WL 16528141, at *6 (N.D. Cal. Oct. 28, 2022). Here, Witcher did not even sign the settlement agreement on Federal's behalf. Further, this principle extends "to breaches of the implied covenant of good faith and fair dealing, where the existence of a valid contract between the parties is a required element." *Id.* Accordingly, neither of Plaintiffs' claims is properly asserted against Witcher because he is not a party to the settlement agreement.

Nor have Plaintiffs shown that they can amend their Complaint to state a claim against Witcher for negligent misrepresentation. The elements of a claim for negligent misrepresentation are: "(1) a misrepresentation of a past or existing material fact, (2) without reasonable grounds for believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) ignorance of the truth and justifiable reliance thereon by the party to whom the misrepresentation was directed, and (5) damages." *Fox v. Pollack*, 181 Cal. App. 3d 954, 962 (1986). Under California law, "a cause of action for negligent misrepresentation can lie against an insurance adjuster" because there is a special relationship between insurance adjusters and insureds that imposes a duty to communicate accurate information. *Bock v. Hansen*, 225 Cal. App. 4th 215, 229-31 (2014).

Plaintiffs argue that they can amend the Complaint to allege that Witcher made misrepresentations of material fact "through his drafting and approval of the subrogation assignment in the settlement agreement," and that he "supervised/directed the drafting of, reviewed, and approved for signature" the agreement. (Reply at 5-6.) Witcher therefore, Plaintiffs argue, "misrepresented to Plaintiffs that Federal was assigning to Plaintiffs the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:23-cv-04555-JLS-MAR                            Date: August 16, 2023
Title: Sonia Agresti et al v. Federal Insurance Company et al

subrogation rights that were represented in the Settlement Agreement to be assigned to Plaintiffs." (*Id.* at 6.)

      Plaintiffs cite no authority for the proposition that drafting or approving a contract amounts to a representation. Under California law principles of contract interpretation, courts look to the language of the contract in order to ascertain the intent *of the parties*. *See Hewlett-Packard Co. v. Oracle Corp.*, 65 Cal. App. 5th 506, 530-31 (2021). Plaintiffs have not alleged that Witcher made any statements to them about the agreement or otherwise induced them to enter in the agreement in any way. The only "representations" at issue are the terms of the contract. The terms of the contract are representations of the parties who sign it, not the Federal employee who drafted or approved the contract, and Plaintiffs' remedy lies in an action for breach of contract against Federal, the other party to the agreement. Accordingly, Plaintiffs' proposed amendments to the Complaint would not state a claim against Witcher.

      Because Defendants have shown both that Plaintiffs' Complaint does not state a claim against Witcher and could not be amended to state a claim against Witcher, Witcher is a fraudulently joined defendant, he is DISMISSED from this action, and Plaintiffs' Motion to Remand is DENIED.

### IV.  CONCLUSION

      For the foregoing reasons, the Motion to Remand is DENIED.

                                                                                       Initials of Deputy Clerk: gga